11-1585-cv
Frye v. Astrue

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of June, two thousand and twelve.

PRESENT:

> JOSEPH M. MCLAUGHLIN,
> JOSÉ A. CABRANES,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

BARBARA FRYE, on behalf of A.O.,
> *Plaintiff-Appellant*,

> -v.-                                                                          No. 11-1585-cv

MICHAEL J. ASTRUE, Commissioner of Social Security,
> *Defendant-Appellee.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLANT:**          KAREN SOUTHWICK, Olinsky & Shurtliff, Syracuse, NY.

**FOR DEFENDANT-APPELLEE:**          ELIZABETH D. ROTHSTEIN, Special Assistant U.S. Attorney (Stephen P. Conte, Regional Chief Counsel – Region II, Office of the General Counsel, Social Security Administration, New York, NY, *of counsel*), *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Judge*) entered March 31, 2011.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court is **AFFIRMED**.

Plaintiff-appellant Barbara Frye, on behalf of her minor son A.O., appeals a judgment of the District Court entered on March 31, 2011 dismissing her complaint against defendant-appellee Social Security Commissioner Michael J. Astrue ("defendant") seeking Social Security benefits pursuant to 42 U.S.C. § 405(g).

We assume the parties' familiarity with the factual history and proceedings below.

Briefly, A.O. is a male child who was born on December 15, 2001. By his second birthday, A.O. started receiving "early intervention" special education and counseling services to address delayed speech and motor skills, inattentiveness and lack of focus, and aggressive/impulsive behavior. When he reached school age, A.O. was maintained in a special education setting, but was "mainstreamed" into regular classrooms for part of the day.

On January 8, 2007, Frye filed an application for supplemental security income ("SSI") based on A.O.'s social interaction, learning, and behavioral difficulties. This application was denied by the Social Security Administration ("SSA") on May 9, 2007. Frye appealed the denial. On June 30, 2009, a hearing was held before an Administrative Law Judge ("ALJ") of the SSA. Frye and A.O., represented by counsel, testified at the hearing. The ALJ considered the case and, in a September 2, 2009 decision, found that A.O. was not disabled within the meaning of the Social Security Act because his impairments did not meet, "medically equal," or "functionally equal" any impairment listed under 20 C.F.R. Part 404, Subpart P., Appendix 1.[1] The ALJ's decision became the final decision of the Commissioner of Social Security (the "Commissioner") when the SSA's Appeals Council denied Frye's request for review on December 22, 2009.

On January 27, 2010, Frye commenced a civil action in the District Court challenging the ALJ's decision. On November 12, 2010, United States Magistrate Judge Andrew T. Baxter issued a Report and Recommendation (the "R&R") finding that substantial evidence supported the Commissioner's decision and recommending that the District Court grant judgment on the pleadings in favor of the Commissioner. *See Frye v. Comm'r of Soc. Sec.*, No. 10-cv-0098, 2010 WL 6426346 (N.D.N.Y. Nov. 12, 2010). Frye filed objections to the R&R on November 26, 2010.

---

[1] The earliest month for which SSI benefits could be paid would be the month following the month Frye filed A.O.'s application. *See* 20 C.F.R. § 416.335. The application remained in effect until the ALJ's decision was issued. *Id.* § 416.330. The relevant period in this appeal is therefore January 8, 2007, the date the SSI application was filed, to September 2, 2009, the date of the ALJ's decision.

On March 31, 2011, the District Court issued a decision that adopted the Magistrate Judge's R&R in its entirety, affirmed the Commissioner's decision denying disability benefits, and granted defendant's motion for judgment on the pleadings. *See Frye v. Astrue*, No. 10-cv-0098, 2011 WL 1301538 (N.D.N.Y. Mar. 31, 2011). Judgment was entered that same day. Frye timely filed a Notice of Appeal on April 14, 2011.

On appeal, Frye principally argues that the District Court erred in dismissing her complaint because the ALJ's determination that A.O. did not meet any listing requirement was not supported by substantial evidence.

## DISCUSSION

### I

Under Title 42 U.S.C. § 405(g), made applicable to SSI cases by 42 U.S.C. § 1383(c)(3), a court may set aside the Commissioner's decision only if it is based on legal error or its factual findings are not supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *see also, e.g.*, *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Substantial evidence is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotations omitted).

On appeal, we conduct a plenary review of the record to determine whether there is substantial evidence to support the Commissioner's decision and whether the correct legal standards have been applied. *See, e.g.*, *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996).

### II

The SSI program provides benefits to needy aged, blind, or disabled individuals who meet certain statutory income and resource limitations. 42 U.S.C. § 1381. A.O.'s SSI application was adjudicated under the statutory standard enumerated in the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Pub. L. No. 104-193, § 211(a), 110 Stat. 2105, 2188–89 (codified at 42 U.S.C. § 1382c(a)(3)(C)) (the "Act"). The definition of disability for children under the Act requires the existence of medically determinable physical or mental impairments "which result[] in marked and severe functional limitations," and which could be expected to result in death or which have lasted or could be expected to last for a continuous period of not less than twelve months. *Id.*

Pursuant to Congressional direction, the SSA published regulations to implement the childhood disability provisions of the Act. The regulations define the statutory standard of "marked and severe functional limitations" in terms of listing-level severity—that is, whether a child's impairments meet, medically equal, or functionally equal the severity of an impairment in the listing. 20 C.F.R. §§ 416.902, 416.906, 416.926a(a). The regulations also establish a sequential evaluation process for determining disability for children, which requires a child to show that: (1) he was not employed; (2) he had a "severe" impairment or combination of impairments; and (3) his impairment

3

or combination of impairments was of listing-level severity. *Id.* § 416.924a(b)(1). Functional limitations are to be evaluated in six "domains": (i) acquiring and using information; (ii) attending and completing tasks; (iii) interacting and relating with others; (iv) moving about and manipulating objects; (v) caring for oneself; and (vi) health and physical well-being. *Id.* § 416.926a(b)(1). A medically determinable impairment or combination of impairments functionally equals a listed impairment if it results in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. *Id.* § 416.926a(a).

A child will be found to have a marked limitation in a domain when his impairment interferes seriously with his ability to independently initiate, sustain, or complete activities. *Id.* § 416.926a(e)(2). "Marked" limitation means a limitation that is "more than moderate" but "less than extreme." *Id.* A child will be found to have an extreme limitation in a domain when his impairment interferes very seriously with his ability to independently initiate, sustain, or complete activities. *Id.* § 416.926a(e)(3).

**III**

Following our review of the record, we find that the Commissioner's decision was supported by substantial evidence. Although the ALJ recognized that A.O. experienced significant impairments related to attention deficit hyperactivity disorder, oppositional defiant disorder, parent-child relational problems, learning disabilities, and motor tics, he found that A.O.'s impairments did not meet or "medically equal" a listed impairment contained in 20 C.F.R. Part 404, Subpart P., Appendix 1. The ALJ further concluded that A.O.'s impairments did not "functionally equal" a listed impairment, insofar as A.O. did not have marked limitations in two domains of functioning or extreme limitation in one domain.

In reaching these conclusions, the ALJ relied in part on the report of a State agency psychiatrist which stated that A.O.'s impairments did not meet, medically equal, or functionally equal a listed impairment. The report of a State agency medical consultant constitutes expert opinion evidence which can be given weight if supported by medical evidence in the record. *See* 20 C.F.R. § 416.927(e)(2)(i). It was appropriate for the ALJ to rely on the report, as the State agency psychiatrist was the only expert of record who specifically assessed whether A.O.'s impairments met or equaled a listed impairment.

Other credible evidence in the record provides additional support for the ALJ's determination that A.O.'s impairments did not meet or equal a listed impairment. For example, educational evidence in the record—including evaluations, reports, and behavioral assessments from A.O.'s teachers, counselors, school psychologists, and outside consultants—reveal that A.O.'s

4

impairments had improved significantly over time. Medical records from several treating physicians likewise indicate that A.O.'s conditions were improving in response to treatment.[2]

Accordingly, we find no basis for questioning, much less disturbing, the judgment of the District Court dismissing Frye's complaint.

## *CONCLUSION*

We have considered all of Frye's arguments on appeal and find them to be without merit. For the reasons stated above, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] Moreover, the ALJ based his decision on a fully developed record. The ALJ specifically requested the submission of any additional relevant evidence prior to the administrative hearing, held the record open subsequent to the administrative hearing so that counsel could submit additional evidence, contacted counsel when no further evidence was received, and, at counsel's request, granted an extension of time to obtain evidence.